IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERMAINE WATERS, #R-19718,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-617-NJR |
| ) | |
| **WEXFORD HEALTH, INC.,** ) | |
| **RODERICK MATTICKS,** ) | |
| **KELLY LOUCKS, DENNIS ELS,** ) | |
| **TRACY PEEK, CHRISTINE L. BROWN,** ) | |
| **and UNKNOWN PARTY (Nurses/Doctors),** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This *pro se* civil rights action, brought pursuant to 42 U.S.C. § 1983, is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff filed this action while he was a prisoner incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where his claims arose. Soon after the case was filed, Plaintiff was released on parole (Doc. 10). Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition of glaucoma.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

Plaintiff was transferred to Pinckneyville on or about January 7, 2015 (Doc. 1, p. 8). Upon his arrival, he underwent a medical screening/intake with Defendant Nurse Loucks. Plaintiff told her that he had been diagnosed with glaucoma in his left eye. This information and the records of treatment he had received were in his medical documentation from Hill

Correctional Center, his previous prison. Defendant Loucks promised to take note of this information, and she told Plaintiff he would be scheduled for a medical appointment in about three weeks, followed by treatment and monitoring of his condition.

Four weeks later, Plaintiff still had not received a call pass for a medical examination. He filled out multiple request slips over the next weeks and months to be seen by Defendant Els (eye doctor), but never got any response (Doc. 1, p. 9). On June 5, 2015, Plaintiff directly contacted Defendant Nurse Peek regarding his glaucoma and need to see a doctor, but she did not arrange for a referral, despite her assurance that Plaintiff would see an eye doctor soon (Doc. 1, p. 15). On August 7, 2015, after his request slips had still not been answered, he wrote to Defendant Brown (Health Care Administrator) seeking evaluation and treatment for his glaucoma. She never responded (Doc. 1, pp. 17-18). He then wrote to Defendant Matticks, the regional medical director for Defendant Wexford Health Source, Inc., seeking help to get treatment. Again, he got no response (Doc. 1, p. 18). He had several visits with Unknown Party Medical Defendants (Jane/John Doe Nurses and Doctors) during 2015, but none of those providers would deal with his eye problems (Doc. 1, p. 9).

Plaintiff's continued efforts to obtain medical care for his glaucoma were not answered until over a year after his arrival at Pinckneyville, when he finally saw a prison eye doctor (Dr. Brummel, who is not a defendant) on February 10, 2016 (Doc. 1, pp. 9-10). At that time, Plaintiff's symptoms included "bleary vision, light flash, serious headaches," and loss of vision in his left eye (Doc. 1, p. 11). Dr. Brummel confirmed that Plaintiff was suffering from glaucoma and requested approval for him to be seen by a specialist outside the prison. Approval was given on February 16, 2016.

Plaintiff saw the outside specialist (Dr. Ortiz) on March 23, 2016, and began treatment on

that date. Dr. Ortiz informed Plaintiff that he should be taking medication for his condition and noted that if he had been treated earlier, his condition might not have become so bad (Doc. 1, p. 13).

Plaintiff seeks compensatory and punitive damages for Defendants' deliberate indifference to his condition (Doc. 1, p. 19).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants Loucks, Els, Peek, Brown, and the Unknown Party (John/Jane Doe) Nurses and/or Doctors, for failing to treat and delaying treatment of Plaintiff's glaucoma;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendants Wexford Health, Inc., and Matticks, for failing to treat and delaying treatment of Plaintiff's glaucoma.

*Count 1*

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged

an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's diagnosed condition of glaucoma, a serious illness that can lead to blindness, satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Defendant Nurse Loucks was the first person at Pinckneyville to become aware of Plaintiff's glaucoma, when she conducted his medical screening upon his arrival. She was responsible for taking steps to have Plaintiff called in for an examination, but this never happened. At this stage, the facts support a claim of deliberate indifference against Defendant Loucks, so Count 1 may proceed against her.

Plaintiff claims that he wrote several request slips asking for an eye exam with Defendant Els, all of which were ignored. Assuming that these communications were seen by Defendant Els, he may be found liable for deliberate indifference to Plaintiff's need for assessment and treatment for his glaucoma, for his failure to take any action despite Plaintiff's serious ailment.

Plaintiff brought his condition to the attention of Defendant Nurse Peek, who was aware of his diagnosis both from Plaintiff's personal contact with her, and from having seen his

medical records. She told him in June 2015 that he would be seeing the eye doctor soon, yet no appointment or referral was ever made. Plaintiff may also proceed with his claim against Defendant Peek in Count 1.

After many months of attempting to get medical attention for his glaucoma, Plaintiff wrote in August 2015 to the Health Care Unit Administrator, Defendant Brown (Doc. 1-1, p. 11). It appears that she took no action to refer Plaintiff for an eye examination or other treatment. According to the response to Plaintiff's grievance on March 5, 2016, Defendant Brown noted that Plaintiff had "transferred [to Pinckneyville] with no medication for glaucoma from the previous facility" (Doc. 1-1, p. 17). It appears that Defendant Brown also had knowledge of Plaintiff's serious illness, yet did nothing to assist him in getting necessary medical care. Count 1 shall also proceed against Defendant Brown.

Finally, Plaintiff states that during the course of 2015, he had several medical visits for other matters with the Unknown Party (John/Jane Doe) Nurses and/or Doctors. At those times, he informed each nurse or doctor that he needed attention for his glaucoma. Each person told Plaintiff that he must submit a request to see the eye doctor. Even after Plaintiff explained that he had been sending such requests for several months, none of the John or Jane Does took any steps to help Plaintiff get the necessary medical care. These facts are sufficient to state a deliberate indifference claim against the Unknown Party Defendants. In order for the claim to proceed against them, however, Plaintiff must identify these individuals by name.

*Count 2*

Defendant Wexford Health, Inc. ("Wexford") is a corporation that employs the Defendants listed under Count 1, and provides medical care at the prison. But it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it

had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

In this case, none of the facts in the complaint indicates that any of the individual Defendants (Defendants Loucks, Els, Peek, Brown, and the Unknown Parties) either acted or failed to act as a result of an official policy or practice established by Defendant Wexford. Therefore, Count 2 against Defendant Wexford for deliberate indifference shall be dismissed without prejudice.

Defendant Matticks appears to be a corporate administrator employed by Defendant Wexford at its office in Pittsburgh, Pennsylvania (Doc. 1-1, p. 12). Plaintiff wrote to him in September 2015 to complain that he had not received any medical care for his glaucoma. Unlike the Pinckneyville defendants, Defendant Matticks was not one of the on-site doctors or nurses at the prison. Nothing in the complaint suggests that Defendant Matticks had any personal involvement in providing medical care to Plaintiff. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Based on the facts alleged in the complaint, there is no basis to impose liability on Defendant Matticks for deliberate indifference to Plaintiff's condition. He also shall be dismissed from the action.

Because the complaint does not state a claim upon which relief may be granted against either Defendant Wexford or Defendant Matticks, **Count 2** shall be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED in part AND DENIED in part.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

**Disposition**

**COUNT 2** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants **WEXFORD HEALTH, INC.,** and **MATTICKS** are **DISMISSED without prejudice** from this action.

The Clerk of Court shall prepare for Defendants **LOUCKS, ELS, PEEK,** and **BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 24, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**