IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE WATERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-617-NJR-DGW |
| | ) |
| CHRISTINE BROWN and | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 61), which recommends that this Court grant the motion for summary judgment (Doc. 58) filed by Defendant Christine Brown. The Report and Recommendation was entered on October 1, 2018. Plaintiff Jermaine Waters ("Waters") has not filed any objection to the Report and Recommendation.[1]

Waters, a former inmate in the custody of the Illinois Department of Corrections, filed this case on June 7, 2016 (while he was still in prison), asserting that his constitutional rights were violated by various defendants. Following a threshold review of the complaint, Waters was allowed to proceed on the following claim: an Eighth Amendment deliberate indifference claim against Defendants Nurse Kelly Loucks, Dr. Dennis Els, Nurse Tracy Peek, Healthcare Administrator Christine Brown, and unknown medical personnel, for failing to treat and

---

[1] On October 2, 2018, the Clerk's Office mailed Jermaine Waters a copy of the Report and Recommendation (Doc. 61) to 6453 S. Campbell, Chicago, IL 60629. This has been his address since he notified the Court on June 28, 2016 (Doc. 10). On October 22, 2018, the Court received notice that the mail sent to this address was returned as undeliverable (Doc. 62). Specifically, the parcel was marked "Return to Sender; Attempted—Not Known—Unable to Forward" (Doc. 62, p. 1). At the beginning of his case, Waters was advised of his continuing obligation to keep the Court informed of any change in address. He was further warned that the Court "will not independently investigate [his] whereabouts" and "[f]ailure to [notify the Court of a change in address] may result in dismissal of this action for want of prosecution." (Doc. 4).

delaying treatment of his glaucoma (Doc. 13). On September 18, 2017, the Court granted summary judgment as to Defendants Loucks, Peek, and Els based on Waters's failure to exhaust his administrative remedies against them (Doc. 47).

On April 30, 2018, Defendant Brown filed a motion for summary judgment, arguing that there is no evidence to suggest that she acted with a sufficiently culpable state of mind to support a claim of deliberate indifference. Waters did not respond to the motion for summary judgment, despite being informed that the failure to respond may, in the Court's discretion, be considered an admission of the merits of the motion (Doc. 60).

On October 1, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 61). He found the facts set forth in Defendant Brown's motion to be undisputed and recommended that the Court grant Defendant Brown's motion for summary judgment because there is insufficient evidence upon which a jury could find that Brown was deliberately indifferent.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. 636(b), however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Specifically, the Court agrees with Magistrate Judge Wilkerson that there is insufficient evidence upon which a jury could find that Defendant Brown had actual knowledge of the serious medical need. Although Waters sent a letter to Defendant Brown regarding his request to see an eye doctor, there is no evidence indicating that Defendant Brown received this letter, and Waters admitted that he did not know whether Defendant Brown received it or not (Doc. 59-1, p. 8; Doc. 59-3). The earliest evidence demonstrating that Defendant Brown had knowledge of Waters's medical condition is the February 17, 2016 grievance. As of that time, however, Waters had already been referred to an outside specialist for testing (Doc. 59-1, p. 8). Thus, the Court agrees with Magistrate Judge Wilkerson that there is insufficient evidence upon which a jury could find that Defendant Brown was deliberately indifferent to Waters's eye condition.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 61) and **GRANTS** the Motion for Summary Judgment (Doc. 58) filed by Defendant Brown. Defendant Brown is **DISMISSED with prejudice**.

Waters has until **November 9, 2018** to identify the unknown medical personnel left in this case. If Waters fails to identify the unknown medical personnel by that time, the Court will dismiss this entire action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED:** October 29, 2018

_Nancy J. Rosenstengel_
**NANCY J. ROSENSTENGEL**
**United States District Judge**